UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

KEVIN ERNST,

_____/

Debtor.

Case No.: 09-57667-wsd
Chapter 13
Honorable Walter Shapero

**OPINION ON MOTION TO SET ASIDE MAY 21, 2010, ORDER(#95) ALLOWING DEBTOR'S OBJECTION TO CLAIM OF MICHIGAN EDUCATIONAL CREDIT UNION, AND MOTION TO DEFER RULING ON MOTION TO DISMISS § 523 OR 727 A/P PENDING DECISION ON THE MOTION TO SET ASIDE THE SAID ORDER**

Debtor filed this Chapter 13 case on June 4, 2009, proposing in the filed Plan that the second mortgage on his residence be "modified" pursuant to an incipient to a lien strip proceeding regarding that mortgage. That proceeding was filed on June 5, 2009, but was dismissed without prejudice on August 4, 2009, pursuant to a July 31, 2009, stipulation saying that (a) the Plan would not strip or modify that mortgage; (b) the pending lien strip adversary would be withdrawn without prejudice; and (c) the second mortgagee, Michigan Educational Credit Union ("MECU"), retained the right until completion of Debtor's Chapter 13 plan to later file a § 523 or 727 action. On August 28, 2009, an Order confirming the Plan was entered stating that (1) the MECU mortgage was not being stripped and would be paid outside the Plan, and (b) the stay was lifted as to a co-obligor on that mortgage, saying that co-obligor would be making the mortgage payment directly. On March 18, 2010, the Debtor filed a Plan modification surrendering the residence to the first and second mortgagees and the real estate tax creditor. Debtor concurrently filed an objection to the filed MECU proof of secured claim on the ground that the mortgaged property was being surrendered to it. A hearing was held on that claim objection resulting in an Order entered May 21, 2010, stating

1

the subject claim "shall be disallowed in its entirety." That Order was entered notwithstanding non-compliance by the presenting Debtor with the local rule which provides that unless presentment of an order is waived (which in this case it wasn't), it must be presented by way of notice with an opportunity to object to its entry.

On April 14, 2010, Debtor had filed a second lien strip action against MECU which was dismissed by stipulation (presumably because of the concurrent surrender of the property to the mortgagee defendant and other lien holders). On April 6, 2012, MECU filed an adversary proceeding under § 523(a)(2)(a) and (b). Debtor moved to dismiss it essentially on the grounds that there was no longer any debt owed to MECU which could be the basis of such an action because of the above noted language in the May 21, 2010, Order disallowing the claim "in its entirety." The Court took that dismissal motion under advisement and had not decided it when on November 5, 2012, MECU filed a Motion to Vacate and Set Aside the May 21, 2010, Order on the grounds that (1) it was not properly presented for entry and was therefore procedurally infirm; and (2) it was substantively inconsistent with the Court's ruling on the objection to the claim. MECU argues that while it no longer had a secured claim (and thus an objection to it as a secured claim was well taken), the Court made clear at the hearing that MECU nevertheless retained an unsecured claim, and all of the other foregoing proceedings and filed pleadings (expressly allowing for the filing of a § 523 action until completion of the Plan for instance) are all consistent with such. Debtor argues that Rule 60(b) does not permit the Court to now vacate the Order.

The Court concludes as follows: (a) the language "in its entirety" without more is sufficiently ambiguous as to make it susceptible of either a construction that the claim, secured or unsecured, was essentially obliterated and no longer existed, or a construction, when considered in

2

light of the oral arguments and the statements of the Court leading to it, that the claim was disallowed as the secured claim it was filed as, but remained susceptible of being considered, or amended, as an unsecured claim; and (b) the Order was proferred for entry in violation of the presentation for entry rules, and, the Court itself compounded the problem by then mistakenly entering it. That kind of mistake and the recited facts in the Court's view are countenanced by the provisions of Fed.R.Civ.P. 60(b)(1) which talks about "mistake"and within the purview of 60(b)(6) which talks about another reason that justifies relief.

Therefore, an order setting aside the May 21, 2010, Order is being concurrently entered. Procedurally that means that an order effectuating the Court's relevant ruling which led to the May 21, 2010, Order, should be presented in accordance with the presentment rules, and, if there is an objection to it, it will be heard and the appropriate order entered in due course. Dependent, as it is, on the substance of that order until after its entry, the Court will defer ruling on the pending adversary proceeding dismissal motion.

**Signed on February 22, 2013**

                                                                **/s/ Walter Shapero**
                                                     **Walter Shapero**
                                                   **United States Bankruptcy Judge**