UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION – DETROIT

In re: KEVIN ERNST,　　　　　　　　　　　　　　　　　Case No. 09-57667-wsd
　　　　　　　　　　　　　　　　　　　　　　　　　　Chapter 13
　　　　Debtor　　　　　　　　　　　　　　　　　　　Hon. Walter Shapero
_____/

# OPINION SUSTAINING MICHIGAN EDUCATION CREDIT UNION'S OBJECTION TO DEBTOR'S PROPOSED ORDER

The background of what is before the Court is amply set forth in this Court's prior opinion (dkt. 163), which granted the motion of Michigan Education Credit Union (MECU) to set aside the Court's May 21, 2010 order disallowing MECU's proof of claim. An order pursuant to that opinion was entered, following which Debtor appealed to the District Court, which remanded on the grounds that the vacating order was not appealable. As noted in the opinion, the procedural posture of the matter was that Debtor was to present an appropriate order reflecting the Court's ruling vacating the May 21, 2010 order, i.e. an order disallowing MECU's filed proof of secured mortgage claim in light of Debtor's post-confirmation surrender of the mortgaged residence. In doing so, Debtor has presented a proposed order containing exactly the same "shall be disallowed in its entirety" language that this Court stated in its opinion was inappropriate and which was a basis for setting that order aside. MECU objected to this proposed order and the Court held a hearing on the objection. A proper understanding of the situation requires a detailed chronology of events:

June 4, 2009 – Debtor files his bankruptcy petition, listing MECU as a secured creditor and files a Chapter 13 plan providing that MECU's second mortgage on Debtor's residence will be stripped in an adversary proceeding.

June 5, 2009 – Debtor files an adversary proceeding to strip MECU's lien.

July 27, 2009 – MECU files a secured proof of claim.

August 4, 2009 – Debtor's adversary proceeding is dismissed by stipulation without prejudice.

August 28, 2009 – Debtor's Chapter 13 plan is confirmed by consent, with provisions that: (a) the confirmed plan does not strip or modify MECU's mortgage; (b) the mortgage shall be paid outside the plan; (c) Debtor reserves the right to file a lien strip adversary proceeding at a later date; and (d) the automatic stay is lifted as to Leslie Ziegenhorn, who is a co-mortgagor but not a debtor in the bankruptcy.

March 18, 2010 – Debtor objects to MECU's proof of claim on the basis that he is surrendering the residence to his creditors, including MECU, and he will be seeking a post-confirmation modification of the plan.

March 22, 2010 – Debtor files a proposed amendment to the plan to surrender the residence and cease direct payments to MECU.

April 6, 2010 – MECU responds to Debtor's objection to the proof of claim, asserting a continuing claim.

April 7, 2010 – MECU objects to the proposed plan modification, arguing that Debtor is improperly attempting to strip its lien.

April 14, 2010 – Debtor files a second adversary proceeding to strip MECU's lien.

May 17, 2010 – The Court holds a hearing on the objection to the proof of claim and the proposed plan modification. The spoken understanding by Debtor's counsel at the hearing was that if the lien strip action is successful, MECU will be treated under the plan as an unsecured creditor.

May 21, 2010 – The Court enters an order approving the plan modification. A separate order grants the objection to MECU's proof of claim and states that the claim is "disallowed in its entirety."

June 14, 2010 – The Debtor's second adversary proceeding is dismissed by stipulation with prejudice.

April 6, 2012 – MECU files an adversary proceeding against Debtor for nondischargeability of the debt.

April 23, 2012 – Debtor's files a motion to dismiss MECU's nondischargeability action on the basis that MECU no longer has any claim against him.

February 22, 2013 – On motion by MECU, the Court sets aside the order granting the objection to the proof of claim because that prior order (a) was not presented to MECU in accordance with the local rules; and (b) contained the ambiguous "disallowed in its entirety" language, which was a substantively improper effectuation of the Court's ruling.

March 21, 2014 – On appeal by Debtor, the District Court issues an opinion finding that this Court's vacating order is not appealable. The case is remanded to this Court.

March 25, 2014 – Debtor presents a proposed order regarding the objection to the proof of claim, again stating that MECU's claim is "disallowed in its entirety."

March 31, 2014 – MECU objects to the proposed order.

April 17, 2014 – The Court holds a hearing on the proposed order.

Discussion

MECU's dispute with regard to Debtor's proposed order is that, like the prior order that was vacated, it states that MECU's claim is "disallowed in its entirety." MECU argues that the legal consequence of the above-noted proceedings preserve some continuing claim against Debtor. This has particular relevance to MECU's nondischargeability action against Debtor, to which Debtor has asserted the defense that MECU has no claim of debt against him. The Debtor's motion to dismiss the nondischargeability action on that basis (case. no. 12-04604, dkt. 8) remains under advisement, pending the resolution of the present matter as to the existence of such a claim.

At the onset of the bankruptcy filing, MECU was a secured creditor. Debtor had the ability to strip MECU's lien in an adversary proceeding pursuant to 11 U.S.C. § 506 and to consequently treat MECU as an unsecured creditor. Debtor's confirmed Chapter 13 plan, which has *res judicata* effect, had the consequence of (a) affirming MECU's secured status, but reserving Debtor's ability to subsequently file a lien strip action; and (b) providing for payment of MECU's claim outside the plan. Debtor subsequently modified the plan to allow for the surrender of the mortgaged residence and the termination of payments required to be made outside the plan. At that time, Debtor had filed and was pursuing a lien strip action. Because of the surrender of the residence and in apparent reliance on the order's language stating that MECU's claim is "disallowed in its entirety," Debtor stipulated to dismiss the adversary proceeding with prejudice. As noted, that order granting Debtor's objection to the proof of claim

has been vacated because it was both procedurally deficient and substantively inappropriate in light of the Court's ruling.

The Court finds no legal basis to support the conclusion that the prior proceedings voided, negated, or disallowed MECU's claim (or potential for a claim) "in its entirety." MECU was a secured creditor at the onset of these proceedings and Debtor's Chapter 13 plan affirmed that status. Had Debtor successfully stripped MECU's lien, MECU would have at the least an unsecured claim. The subsequent voluntary surrender of the mortgaged residence did not perforce extinguish the potential for an unsecured deficiency claim. See In re Finley, 408 B.R. 111 (Bankr. E.D. Mich. 2009) (mortgagee's objection to confirmation sustained where proposed Chapter 13 plan provided for surrender of collateral "in full satisfaction" of mortgagee's claim and would have deprived mortgagee of potential deficiency claim). The parties discussed the applicability of Nolan v. Chrysler Fin. Corp. (In re Nolan), 232 F.3d 528 (6th Cir. 2000) (debtor cannot modify plan post-confirmation by surrendering the collateral to secured creditor and having the deficiency treated as an unsecured claim). That case dealt with the extent to which the modification altered the *nature* of the claim. Here, however, the narrower issue can be seen as whether there survived *any* claim. A review of the transcript of the May 17, 2010 hearing on the objection to MECU's proof of claim and Debtor's proposed modification confirms even the Debtor's understanding that a claim would potentially survive as a result. However, even in the absence of that clear and apparent understanding, the outcome would be no different because these proceedings, as a matter of law, allow for the survival of at least an unsecured claim by MECU against Debtor and any appropriate order needs to reflect such. The Court does not now need to determine the nature or amount of any such claim.

The Court thus concludes that although MECU's filed proof of secured claim is disallowed, as such, MECU still holds a claim or potential claim against Debtor and therefore, Debtor's proposed order, which states that MECU's claim is "disallowed in its entirety" goes too far and is inappropriate. Given that MECU's objection to the proposed order is limited to the inclusion of that language, the Court will contemporaneously enter an appropriate order disallowing MECU's filed proof of claim but omitting that contested language.

**Signed on May 19, 2014**

                                      **/s/ Walter Shapero**
                                      **Walter Shapero**
                                      **United States Bankruptcy Judge**